| | |
|---|---|
| DOUGLAS ROBINSON, Board of Trustees Chairman, and DAVID THARP, Board of Trustees Secretary, on behalf of INDIANA REGIONAL COUNCIL OF CARPENTERS PENSION TRUST FUND, et al.; Plaintiffs, | ) ) ) ) ) ) ) |
| vs. | ) ) ) CAUSE NO. 2:06-CV-433-JVB-PRC |
| MICHAEL E. PETYO d/b/a THE IMAGE MAKERS, INC.; MICHAEL E. PETYO d/b/a THE IMAGE MAKERS; MICHAEL E. PETYO d/b/a TIMI CONSTRUCTION CORPORATION; TIMI CONSTRUCTION CORPORATION; THE IMAGE MAKERS, INC; THE IMAGEMAKERS; and, MICHAEL PETYO; Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

## OPINION AND ORDER

This matter is before the Court on a Renewed Motion for Clerks Entry of Default [DE 47], filed by Plaintiffs on August 4, 2009. Therein, Plaintiffs seek a clerk's entry of default against corporate Defendants The Image Makers, Inc., the Imagemakers, and Timi Construction Corporation. On October 2, 2009, Plaintiffs filed a memorandum in support. As set forth below, the Court finds that a clerk's entry of default against the corporate Defendants is appropriate in light of their failure to retain replacement counsel for more than fourteen months.

## PROCEDURAL BACKGROUND

Plaintiffs filed a Complaint in this Court on December 26, 2006, against Defendants Timi Construction Corporation and Michael Petyo, pursuant to 29 U.S.C. § 1132 and § 1145,

1

Employee Retirement Income Security Act of 1974 ("ERISA") and 29 U.S.C. § 185, Labor-Management Relations Act, 1947, seeking a payroll audit for the period of January 1, 2003, through December 31, 2006, and to collect any delinquent fringe benefit contributions and deductions uncovered by the audit, interest, liquidated damages, audit fees, and attorney fees and costs.

On March 4, 2008, counsel entered an appearance on behalf of Defendants.

On May 19, 2008, Plaintiffs filed an Amended Complaint against Timi Construction Corporation; Michael Petyo; The Imagemakers; The Image Makers, Inc.; and additional parties. By counsel, all of the Defendants, including Timi Construction Corporation, filed an Answer to the Amended Complaint on June 10, 2008.

The Court held a telephonic conference on July 31, 2008, at which time Plaintiffs informed the Court that the initial audit was incomplete and that Plaintiffs were attempting to obtain documents from Timi Construction Corporation. The Court was also advised that counsel for Defendants may be withdrawing. Indeed, the appearance of counsel for Defendants was withdrawn on August 27, 2008. At that time, the Court advised that the corporate Defendants could not proceed pro se and that Defendants Timi Construction Corporation, The Image Makers, Inc., and The Imagemakers had up to and including September 25, 2008, in which to retain counsel as required by law. Defendant Michael Petyo was entered on the docket as pro se. Following the conference, the Court issued a written order, which provided in part:

> However, the remaining corporate defendants may not proceed pro se. Therefore, the Court further ORDERS that Defendants Timi Construction Corporation, The Image Makers, Inc., and The Imagemakers shall have up to and including September 25, 2008, in which to retain counsel, as required by law, and to participate in the telephonic Pretrial Conference. These corporate Defendants may not participate telephonically in the Rule 16(b) conference.

On September 25, 2008, the Court held a status conference, at which Mr. Petyo appeared in person. He indicated that he could not afford counsel for the corporate defendants. On April l2, 2009, and July 4, 2009, the Court held status conferences, at which Mr. Petyo appeared without counsel. On both occasions, the Court again reminded Defendant Petyo that the law requires corporate defendants to be represented by counsel.

On August 5, 2009, Plaintiffs filed the instant Renewed Motion for Clerks Entry of Default as to Timi Construction Corporation, The Image Makers, Inc., and the Imagemakers on the basis that no attorney has filed an appearance on behalf of these Defendants within the time allowed by this Court's Order. On October 2, 2009, Plaintiffs filed a Memorandum in support of this renewed motion.

## ANALYSIS

In the instant motion, Plaintiffs seek an entry of default against each of the corporate defendants. Although the corporate defendants were represented by counsel at one time and filed an Answer to the Amended Complaint through counsel on June 10, 2008, they have been without counsel for almost fourteen months despite repeated warnings by the Court that a corporation must be represented by counsel.

Appearances in federal court are governed by 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. However, courts have long held that § 1654 requires corporations to be represented by licensed counsel. "Although section 1654 protects the individual's right to 'plead and conduct (his or her) own cases personally,' that right has never been enlarged to permit the individual to act in behalf of or as an agent for a party corporation." *Strong Delivery*

*Ministry Ass'n v. Bd. of Appeals of Cook County*, 543 F.2d 32, 34 (7th Cir. 1976) (citing cases);

*see also Wilson v. U.S. Dep't of Agric.*, 61 F.3d 907, 1995 WL 309637, at * 1 (7th Cir. May 19,

1995); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985).

In *Scandia*, the Seventh Circuit Court of Appeals explained the rationale for the

requirement, citing *Strong Delivery*:

> The basic proposition is correct. A "corporation" is an abstraction, and
> abstractions cannot appear pro se. The corporation is just a convenient name for a
> complex web of contracts among managers, workers, and suppliers of equity and
> debt capital. Dow may have been the sole equity investor in Euroquilt, but he did
> not represent other interests such as those of creditors. We have held that
> corporations must appear by counsel or not at all. If Scandia had objected to
> Dow's representation of Euroquilt, the district court would have been required to
> prevent Euroquilt from appearing at trial.

*Scandia*, 772 F.2d at 1425. Courts continue to hold that "[a] corporation cannot litigate in

federal court pro se." *Old Ben Coal Co. v. Office of Workers' Compensation Programs*, 476

F.3d 418, 418-19 (7th Cir. 2007) (citing *Rowland v. California Men's Colony*, 506 U.S. 194,

201-02 (1993); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003)).

Recently, the Seventh Circuit again held: "Corporations cannot appear pro se" and "one pro se

litigant cannot represent another." *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008)

(citing *Scandia*, 772 F.2d at 1427; *Strong Delivery*, 543 F.2d at 33-34; 28 U.S.C. § 1654).

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and

that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

Fed. R. Civ. P. 55(a). As of the date of this Order, no attorney has entered an appearance on

behalf of any of the corporate defendants since the withdrawal of counsel on August 27, 2008.

On July 31, 2008, the Court advised Mr. Petyo that the corporate defendants must be represented

by counsel and granted the corporate defendants up to and including September 25, 2008, in which to retain counsel. On September 25, 2008, Mr. Petyo appeared and stated that he was unable to afford counsel for the corporate defendants. On April 12, 2009, and again on July 4, 2009, the Court reminded Mr. Petyo, in person, that the corporate defendants must be represented by counsel. None of the corporate defendants has retained new counsel or participated in five separate hearings over fourteen months, despite repeated admonitions by the Court. Accordingly, the Court finds that a clerk's entry of default is appropriate. *See Cash v. Am. Rubber Prods., Inc.*, No. 3:05CV549, 2007 WL 1099484, at \*1 (N.D. Ind. Apr. 10, 2007) (adopting report and recommendation of Magistrate Judge to enter default judgment because of defendant's failure to find replacement counsel, communicate with the court, and offer an explanation for its inaction).

### CONCLUSION

Based on the foregoing, the Court **GRANTS** the Renewed Motion for Clerks Entry of Default [DE 47] and **DIRECTS** the Clerk of Court to **ENTER DEFAULT** against Defendants (1) The Image Makers, Inc., (2) The Imagemakers, and (3) Timi Construction Corporation.

SO ORDERED this 27th day of October, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Pro se Defendant, Michael E Petyo, 7567 Westmill Court, Hobart, IN 46342