UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DOUGLAS ROBINSON, Board of Trustees Chairman, and DAVID THARP, Board of Trustees Secretary, on behalf of INDIANA REGIONAL COUNCIL OF CARPENTERS PENSION TRUST FUND, et al.;<br>　　　　Plaintiffs,<br><br>　vs.<br><br>MICHAEL E. PETYO d/b/a THE IMAGE MAKERS, INC.;<br>MICHAEL E. PETYO d/b/a THE IMAGE MAKERS;<br>MICHAEL E. PETYO d/b/a TIMI CONSTRUCTION CORPORATION;<br>TIMI CONSTRUCTION CORPORATION;<br>THE IMAGE MAKERS, INC;<br>THE IMAGEMAKERS; and,<br>MICHAEL PETYO;<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NO. 2:06-CV-433-JVB-PRC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### FINDINGS, REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on (1) Plaintiffs' Verified FRCP, Rule 37(b)(2)(A) and Rule 55(a) Motion, with Self-Contained Brief, for Sanctions, Including Default, Against Defendant Michael Petyo [DE 48], filed by Plaintiffs on September 4, 2009, and (2) Plaintiffs' Verified Motion to Court to Enter an Order and Default Judgment Against Defendants Timi Construction Corporation, The Image Makers, Inc., and the Imagemakers, Only [DE 54], filed by Plaintiffs on October 29, 2009.

Pursuant to 28 U.S.C. § 636(b)(1)(B), District Court Judge Joseph S. Van Bokkelen entered Orders [DE 49, DE 56] on September 10, 2009, and November 13, 2009, referring this

1

matter to the undersigned Magistrate Judge for a report and recommendation on the Verified FRCP, Rule 37(b)(2)(A) and Rule 55(a) Motion [DE 48] and on the Motion for Default Judgment [DE 54], respectively. This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court grant the motions.

## PROCEDURAL & FACTUAL BACKGROUND

Plaintiffs filed a Complaint in this Court on December 26, 2006, against Defendants Timi Construction Corporation and Michael Petyo, pursuant to 29 U.S.C. § 1132 and § 1145, Employee Retirement Income Security Act of 1974 ("ERISA"), and 29 U.S.C. § 185, Labor-Management Relations Act, 1947, seeking a payroll audit for the period of January 1, 2003, through December 31, 2006, and to collect any delinquent fringe benefit contributions and deductions uncovered by the audit, interest, liquidated damages, audit fees, and attorney fees and costs.

On October 25, 2007, Plaintiffs filed a Motion for Clerks Entry of Default as to both Defendants. On November 2, 2007, Defendant Michael Petyo filed an Answer in letter form entitled "Response to alleged allegations," and he was later entered on the docket as pro se. On February 14, 2008, the Court granted the Motion in part and a Clerk's Entry of Default against Timi Construction Corporation only was entered that day. On March 4, 2008, counsel entered an appearance on behalf of Defendants Timi Construction Corporation and Mr. Petyo.

In his Answer, Mr. Petyo contends that the Company known as "Image Makers" was the signatory company with the Union but that it was no longer in existence and denies that Defendant Timi Construction Corporation was a signatory to any collective bargaining agreement and that he personally had any affiliation with the Union. In preparing a response,

2

Plaintiffs investigated these contentions but needed further discovery to determine the relationship among the business entities. Accordingly, Plaintiffs served interrogatories on Defendants that sought information on the relations and connections between the entities. Defendants, through counsel at that time, responded to the discovery, which provided some information on Timi Construction Corporation, stated that Mr. Petyo never operated as a sole proprietor, and objected to any inquiry as to Image Makers on the basis that it was a nonparty.

As a result of the discovery process, Plaintiffs filed an Amended Complaint on May 19, 2008, against Timi Construction Corporation; Michael Petyo; The Imagemakers; The Image Makers, Inc.; Michael E. Petyo d/b/a The Image Makers, Inc.; Michael E. Petyo d/b/a The Image Makers; and Michael E. Petyo d/b/a Timi Construction Corporation. The Amended Complaint is forty-nine pages and contains twenty-six counts. Therein, alleging that each of the seven Defendants is a signatory to a collective bargaining agreement with the Union, Plaintiffs seek an audit for the period of January 1, 2003 through the date of the Amended Complaint, reimbursement for costs of the audit, and to compel the Defendants to pay any delinquent contributions which are uncovered by the audit, plus liquidated damages, interest, post-judgment interest, and attorney fees and costs. As to Defendants Michael E. Petyo d/b/a The Image Makers, Inc., Michael E. Petyo d/b/a The Image Makers, and Michael E. Petyo d/b/a Timi Construction Corporation, Plaintiffs allege that Mr. Petyo, as president of each and by exercising control over the contractual payroll deductions, has become a fiduciary of the assets and is personally liable for paying the owed deductions, interest, liquidated damages, attorney fees, and costs. As to the corporate Defendants Timi Construction Corporation, The Imagemakers, and The Image Makers, Inc., Plaintiffs allege that Mr. Petyo is also personally liable for paying the owed deductions, interest, liquidated damages, attorney fees, and costs because he "failed to

observe corporate formalities, has manifested an actual or presumed intent to evade [his] obligations under ERISA, acted in bad faith and/or engaged in presumptive or actual fraud or is an alter ego, successor, disguised continuance or single employer with respect to each of the corporate Defendants and their obligations to the [Plaintiffs]."

By counsel, all of the Defendants filed an Answer to the Amended Complaint on June 10, 2008.

The Court held a telephonic conference on July 31, 2008, at which time Plaintiffs informed the Court that the initial audit was incomplete and that Plaintiffs were attempting to get documents from Timi Construction Corporation. The Court was also advised that counsel for Defendants may be withdrawing. Indeed, the appearance of counsel for Defendants was withdrawn on August 27, 2008. Defendant Michael Petyo was entered as pro se.

On September 25, 2008, the Court held a status conference, at which Defendant Michael Petyo appeared in person. He indicated that he could not afford counsel for the corporate defendants. Defendant Petyo represented that he had turned over all documents requested by Plaintiffs in his possession and that he would attempt to retrieve all paperwork from his former attorney.

On November 6, 2008, the Court held a status conference at which Mr. Petyo failed to appear. Counsel for Plaintiffs represented that they continued to attempt to complete the audit and that, although Mr. Petyo had produced some documents, Plaintiffs were still waiting for others. The Court set the matter for a show cause hearing for December 18, 2008.

The show cause hearing was held on December 18, 2008, and Mr. Petyo appeared in person. The Court found that Mr. Petyo had shown sufficient explanation and cause and did not hold him in contempt for his failure to appear on November 6, 2008. Plaintiffs requested

additional time to verify with the auditor the receipt of records that Mr. Petyo stated he had provided or, in the alternative, to obtain a signed release from Mr. Petyo to obtain the documents.

On April 2, 2009, the Court held a status conference at which Mr. Petyo appeared without counsel. The Court set a discovery deadline of June 4, 2009, and an in-person status conference for that same date.

On May 13, 2009, Plaintiffs filed a Motion for Clerks Entry of Default as to Timi Construction Corporation, The Imagemakers, Inc., and The Imagemakers.

Prior to the withdrawal of Defendants' counsel, some discussion had occurred between the attorneys regarding objections to the interrogatories. Based on that information, Plaintiffs wrote to Mr. Petyo after the attorney withdrew to resolve any disputes over the interrogatories, but Plaintiffs did not receive any substantive response. As a result, on June 3, 2009, Plaintiffs filed a Motion to Compel pursuant to Federal Rule of Civil Procedure 37, seeking answers to interrogatories. Plaintiffs continued to seek an audit. Despite representations by Mr. Petyo that his records had been damaged by water, the auditor received sufficient records for an initial audit, including tax returns. The audit was reviewed by Plaintiffs and Mr. Petyo, and Plaintiffs agreed to work to obtain additional information or records from other sources that might be used to revise the audit. Calculations by the auditor of additional labor costs for which additional fringe benefits should have been paid were explained by Mr. Petyo as having been paid to union subcontractors who had the obligation to pay the benefit contributions. Plaintiffs independently contacted the subcontractors who then provided sufficient documentation of payment to reduce the audit total against Mr. Petyo. However, Plaintiffs represent that the labor costs for 2003 and 2005 remained unaddressed and are still on the audit. Plaintiffs contacted several governmental

entities for payroll and tax information without success. Plaintiffs asked Mr. Petyo to obtain relevant bank records, but Plaintiffs have not received any such records.

On June 4, 2009, the Court held a status conference at which Defendant Petyo appeared in person. At that time, the Court confirmed that the Clerk's Entry of Default against Timi Construction Corporation was still of record. Discussion was held regarding Plaintiffs' intention to file a motion for default judgment in the near future against Timi Construction Corporation. On the record, Plaintiffs withdrew the May 13, 2009 Motion for Clerks Entry of Default without prejudice based on discussion with the Court. The Court granted Plaintiffs' Motion to Compel and ordered Defendant Petyo to answer and serve the Interrogatory responses on counsel for Plaintiffs by July 6, 2009. Defendant Petyo was also ordered to file a written status report as to his income and serve it on Plaintiffs by July 15, 2009. The Court reset the discovery deadline for July 31, 2009, on its own motion, to allow for the completion of the specified discovery. The Court ordered Plaintiffs to file a general status report by July 31, 2009. Once again, the Court reminded Defendant Petyo that the corporate defendants must be represented by counsel.

Plaintiffs filed a Status Report with the Court on July 31, 2009, providing background to the events leading to this case, facts regarding Defendants' relationship to the Union, and the course of discovery in this matter. Plaintiffs represent that, following the June 4, 2009 conference, they forwarded a clean copy of the Interrogatories to Mr. Petyo to allow him sufficient room to write his answers. As of July 31, 2009, Mr. Petyo had not filed or served Plaintiffs with any response. Plaintiffs represent that, on July 15, 2009, Mr. Petyo telephoned counsel for Plaintiffs and, while apparently looking at his former counsel's answers, stated that the interrogatories had already been answered. He then inquired what further information Plaintiffs sought. Although Plaintiffs had previously served him with a copy of the Motion to

Compel, Plaintiffs advised that they were seeking complete answers, including information on The Image Makers. Plaintiffs have not received any further information.

During the same conversation, Mr. Petyo addressed the amount of the revised audit and advised that he was going to see the auditor. Later that day, the auditor confirmed that Mr. Petyo had appeared seeking information on the audit. Plaintiffs represent that they have not heard from Mr. Petyo since that day and that they have not received a status report on income from Mr. Petyo. Plaintiffs further advised Mr. Petyo that they intended to file a Motion for Default Judgment against Defendant Timi Construction Corporation and were researching their options for relief against the remaining Defendants. Finally, Plaintiffs asked the Court for a twenty-one day extension of time to file the Motion for Default Judgment against Timi Construction Corporation, to grant an extension of the discovery deadline, and to permit them to file a status report within sixty days.

On August 4, 2009, the Court issued an Order on the Status Report and granted an extension of the discovery deadline to September 7, 2009. In that Order, the Court further clarified that the Clerk's Entry of Default entered on February 14, 2008 on the original Complaint against Defendant Timi Construction Corporation was no longer in effect as a result of the May 19, 2008 Amended Complaint against Timi Construction Corporation.

On August 5, 2009, Plaintiffs filed a Motion for Clerks Entry of Default as to Timi Construction Corporation, The Image Makers, Inc., and The Imagemakers. On October 2, 2009, Plaintiffs filed a memorandum in support of the Motion for Clerks Entry of Default, and on October 27, 2009, the Court granted the motion. On October 28, 2009, the Clerk of Court entered default against Timi Construction Corporation, the Image Makers, Inc., and The Imagemakers. On October 29, 2009, Plaintiffs filed the instant Motion for Default Judgment

against Defendants Timi Construction Corporation, the Image Makers, Inc., and The Imagemakers.

On September 4, 2009, Plaintiffs filed the instant Motion for Sanctions against Mr. Petyo, seeking, among other things, a default judgment against Mr. Petyo as a discovery sanction. Mr. Petyo did not file a timely response. On October 28, 2009, the Court took under advisement the Motion for Sanctions and ordered Plaintiffs to file with the Court a complete and detailed request for damages with a supporting affidavit on or before November 23, 2009. The Court also granted Mr. Petyo up to and including December 7, 2009, in which to file a response, if any, to the damages request. On October 29, 2009, Plaintiffs filed their Statement of Damages. On December 7, 2009, Mr. Petyo filed a letter with the Court, generally arguing that he should not be held responsible for the outstanding payments alleged in Plaintiffs' Complaint, which the Court construes as an untimely response to the Motion for Sanctions. Therein, Mr. Petyo does not address the damages request tendered by Plaintiffs on October 29, 2009.

## ANALYSIS

In the Motion for Sanctions, Plaintiffs seek various sanctions, including default judgment, against Defendant Michael Petyo for his failure to participate in discovery and comply with this Court's order on Plaintiffs' Motion to Compel. In the Motion for Default Judgment, Plaintiffs seek a default judgment against corporate Defendants Timi Construction Corporation, The Image Makers, Inc., and The Imagemakers based on their failure to retain counsel and otherwise defend this case.

### A. Default Judgment Against Defendant Michael Petyo as a Discovery Sanction

Federal Rule of Civil Procedure 37 provides that "[t]he court . . . may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). The sanctions for such a failure may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). *See* Fed. R. Civ. P. 37(d)(3). In addition, Rule 37(b)(2) provides the same sanctions for the failure of a party to obey an order of the Court entered under Rule 37(a) to provide discovery, including interrogatory responses. *See* Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(A) provides for the following relevant sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; . . . .

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Rule 37(d)(3) further provides that, instead of or in addition to the sanctions enumerated in Rule 37(b)(2), the court must require the party failing to serve its answers, objections, or written response "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(d)(3).

In the instant motion, Plaintiffs ask the Court for a variety of the sanctions provided for in Rule 37(b)(2)(A), including default judgment, against Mr. Petyo. The decision to enter a default judgment as a sanction for a discovery violation is left to the discretion of the district court. *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006) (citing *Maynard v.*

*Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), *cert. denied*, 543 U.S. 1049 (2005); *Golant v. Levy*, 239 F.3d 931, 937 (7th Cir. 2001)). A default judgment should not be entered unless the court finds willfulness, bad faith, or fault on the part of the defaulted party. *Id*. A court need not impose a lesser sanction before deciding to enter a default judgment as a sanction. *Hal Commodity Cycles Mgmt. Co. v. Kirsch*, 825 F.2d 1136, 1139 (7th Cir. 1987). Further, a court may consider prejudice to the plaintiff caused by the defendant's conduct. *See Martin v. Fort Wayne Police Dept.*, No. 1:04-CV-450-TS, 2005 WL 3118020, at *3 (N.D. Ind. Nov. 21, 2005) (evaluating the prejudice to the plaintiff resulting from the defendant's dilatory conduct). A default means that the factual allegations of the complaint, except those relating to the amount of damages, are taken as true and can no longer be contested. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 605 (7th Cir. 2007) (citing *Black v. Lane*, 22 F.3e 1395, 1399 (7th Cir. 1994)).

In this case, Plaintiffs have attempted for over a year to obtain sufficient discovery from Mr. Petyo to understand the extent, motivation, and circumstances involved in the numerous changes of Mr. Petyo's business identities since 1999 and to determine whether (a) piercing the corporate veil is appropriate, (b) Mr. Petyo or any of the companies was actually an alter ego or disguised continuance, successor company, or a single employer of any of the others, (c) Mr. Petyo owned two or more legitimately individual companies, or (d) if Timi Construction Corporation was created to avoid responsibilities under the collective bargaining agreements and the Plaintiffs' Trust Fund Agreements. Plaintiffs knew the companies had identical addresses and telephone numbers but sought to learn through discovery whether the companies also had and/or used identical, similar or interrelated owners, officers, management, operations, supervisors and employees, customers, locations, type of work, assets including tools and

vehicles, suppliers, banks, accountants, and attorneys. In a similar vein, Plaintiffs sought information on the companies' capitalization, record keeping, compliance with formalities, and whether commingling occurred, the nature of any transfers, or if the companies were used or manipulated to promote fraud or for individual benefit. Plaintiffs also sought information on the relations and connections between Mr. Petyo, Timi Construction Corporation, and the Image Makers.

Since the withdrawal of defense counsel on August 27, 2008, Plaintiffs have continued to attempt to secure this information by seeking more complete discovery responses from Mr. Petyo without success. Most recently, on June 3, 2009, Plaintiffs filed a Motion to Compel, which the Court granted, ordering Mr. Petyo to provide the complete interrogatory answers by July 6, 2009. In addition, Mr. Petyo was to file a written status report as to his income and serve the report on Plaintiffs by July 15, 2009. Mr. Petyo did neither, and Plaintiffs represent that, as of the date of the instant filings, Mr. Petyo still had not complied with the Court's Order. Because Plaintiffs cannot obtain these relevant facts through other sources, Plaintiffs are prejudiced in the prosecution of their case by Mr. Petyo's lack of response. Mr. Petyo's untimely response letter filed on December 7, 2009, does nothing more than generally argue that he should not be held responsible for the payments sought by Plaintiffs; he does not address the outstanding interrogatory responses, nor does he provide any information that addresses the substance of the Plaintiffs' discovery requests.

Having considered the course of Mr. Petyo's conduct in this matter, his ongoing refusal to provide documents and interrogatory responses, and his failure to comply with the Court's June 4, 2009 Order requiring that he provide complete interrogatory responses and a report of his income, the Court finds that his discovery violations were wilful and that the sanction of default

judgment is appropriate as to Mr. Petyo. The Court finds that any lesser sanction, such as striking defenses or nonresponsive interrogatory responses, is an insufficient sanction for Mr. Petyo's lack of participation in discovery and will not resolve the inability of Plaintiffs to pursue this case in the absence of the requested discovery.

In addition, pursuant to Federal Rule of Civil Procedure 37(d)(3), the Court finds that Plaintiffs' request for an award of reasonable expenses, including attorney fees, incurred in bringing the instant motion, in addition to the sanctions awarded above, is warranted in this case as a result of Mr. Petyo's failure to provide complete interrogatory responses and a statement of his income. Mr. Petyo has not offered any argument or evidence that his discovery failures were substantially justified or that any other circumstances make this award of expenses unjust.

Therefore, the Court recommends that the District Court grant the motion for discovery sanctions and enter default and default judgment against Mr. Petyo and in favor of Plaintiffs under Rule 37(b) because Mr. Petyo has wilfully declined to follow the Federal Rules of Civil Procedure and this Court's order.

### B. Default Judgment Against Corporate Defendants for Failure to Retain Counsel and "Otherwise Defend"

On October 28, 2009, a Clerk's Entry of Default was made against corporate Defendants Timi Construction Corporation, The Image Makers Inc., and The Imagemakers. The entry of default was based on the corporate defendants' failure to defend in this case following the withdrawal of their attorney on August 27, 2008. The corporate Defendants remain unrepresented in this case. Accordingly, the Court recommends that the District Court grant the motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants Timi Construction Corporation, The Image Makers Inc., and The Imagemakers.

## C. Damages

Plaintiffs request damages of (1) $96,937.74 in delinquent contributions, deductions, interest, liquidated damages, late payment assessments, and audit fees for the period stated above, and (2) $20,325 and $350 in attorney fees and costs, respectively. Attached to the damages request is the Affidavit of Carolyn Fredrick, the Funds' Administrator for the Plaintiff Trust Funds, attesting to the delinquent contributions, deductions, interest, liquidated damages, late payment assessments, and audit fees for the period of January 1, 2003, through December 31, 2007; the Affidavit includes the payroll audit. Plaintiffs also attached the Affidavit of Attorney Paul T. Berkowitz and an office billing summary sheet in support of the request for attorney fees and costs.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court

1. **GRANT** Plaintiffs' Verified FRCP, Rule 37(b)(2)(A) and Rule 55(a) Motion, with Self-Contained Brief, for Sanctions, Including Default, Against Defendant Michael Petyo [DE 48];

2. **GRANT** Plaintiffs' Verified Motion to Court to Enter an Order and Default Judgment Against Defendants Timi Construction Corporation, The Image Makers, Inc., and the Imagemakers, Only [DE 54];

3. **ENTER** Default Judgment against Defendants (1) Michael Petyo, (2) Michael Petyo d/b/a The Image Makers, Inc., (3) Michael Petyo d/b/a The Image Makers, (4) Michael Petyo d/b/a Timi Construction Corporation, (5) Timi Construction Corporation, (6) The Image Makers, Inc., and (7) The Imagemakers, jointly and severally, in the total amount of $117,612.74, including (1) $96,937.74 in delinquent contributions, deductions, interest, liquidated damages,

late payment assessments and audit fees for the period stated above, and (2) $20,325 and $350 in attorneys' fees and costs, respectively.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 8th day of December, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record
Pro se Defendant, Michael E Petyo, 7567 Westmill Court, Hobart, IN 46342